UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OLLIE JASON DURHAM and ) | |
| JAMES DAVID CONNER, JR. ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:13-0868 |
| ) | Judge Sharp |
| WILLIAMSON COUNTY SHERIFF'S ) | |
| OFFICE, et al. ) | |
|     Defendants. ) | |

## <u>M E M O R A N D U M</u>

The plaintiffs, proceeding *pro se*, are inmates at the Williamson County Jail and the Dickson County Jail, respectively.[1] They bring this action pursuant to 42 U.S.C. § 1983 against the Williamson County Jail and the Williamson County Sheriff's Office, seeking injunctive relief and damages.

The plaintiff, Ollie Durham, raises claims of false arrest, defamation of character, and false imprisonment. The remaining plaintiff, James Conner, joins him in challenging conditions of their confinement. More specifically, the plaintiffs allege that conditions at the Williamson County Jail are unsanitary. In addition, they complain about inadequate plumbing, food that is nutritionally inadequate, poor ventilation, a lack of cleaning supplies, no law library, rust on the beds and no outdoor recreation..

To establish a claim for § 1983 relief, the plaintiffs must plead and prove that a person or

---

[1] In a related case, the Court was notified that the plaintiff, James Conner, had been transferred to the Dickson County Jail in Charlotte, Tennessee. *See* Civil Action No. 3:13-0848.

persons, while acting under color of state law, deprived them of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Rhodes v.McDannel, 945 F.2d 117, 120 (6th Cir. 1991). Nor is a county sheriff's department a person subject to liability under § 1983. Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Williamson County, the entity responsible for the operation of the Jail. However, for Williamson County to be liable, the plaintiffs would have to allege and prove that their constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, the plaintiffs have failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                                                        _____
                                                                        Kevin H. Sharp
                                                                        United States District Judge